IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FURR'S SUPERMARKETS, INC.,

      Plaintiff,

    -vs-                                        No. CIV 97-0410 JC/RLP

FLEMING COMPANIES, INC.,
JAMES E. STUARD, WILLIAM M. LAWSON,
THOMAS L. ZARICKI, and ART HAHN,

      Defendants.

**MEMORANDUM OPINION AND ORDER**
**DENYING UNION'S MOTION TO INTERVENE**

THIS MATTER comes on for consideration of the Motion to Intervene filed by United Food and Commercial Workers Union, Local Number 1564 and 540 of New Mexico ("Union"), on October 3, 1997 (Docket No. 49). The Court has reviewed the motion, the briefs submitted by the parties, and the relevant authorities. The Court finds that the motion is not well taken and will be denied.

Intervention as Matter of Right–Fed. R. Civ. P. 24(a)

Pursuant to Rule 24(a) of the Federal Rules of Civil Procedure, a party has a right to intervene in a lawsuit when a timely motion to intervene meets three requirements. Alameda Water Sanitation Dist. v. Browner, 9 F.3d 88 (10th Cir. 1993). First, the applicant must claim an interest in the property or transaction made the subject of the pending action. Second, the applicant must be so situated that the disposition of the action may impair the interest absent intervention. Third, the applicant's interest must not be adequately represented by the existing parties. Id. at 90. If an

applicant fails to establish *any* one of these requirements, the applicant may not intervene in an action as a matter of right.  Keith v. Daley, 764 F.2d 1265 (7th Cir. 1985).

An application to intervene as a matter of right must assert a "direct, substantial, and legally protectable" interest in order to satisfy the first element of Rule 24(a).  Coalition of Arizona/New Mexico Counties for Stable Economic Growth v. Department of the Interior, 100 F.3d 837, 840 (10th Cir. 1996).  The Tenth Circuit has held that the opportunity to offer evidence beyond the narrow issue before the district court is not an interest protectable in the underlying action.  Alameda Water Sanitation, 9 F.3d at 91.

The Union's claims against Fleming Companies, Inc. ("Fleming"), would interject issues into this case beyond those asserted by Furr's Supermarkets, Inc. ("Furr's).  The Union's claims are not direct, but are clearly contingent upon the ability of Furr's to show that Fleming overcharged it in 1991 and 1992 and that those claims were not released in the Settlement Agreement.  If Furr's does make such a showing, and if the Union is allowed to intervene, I would then have to address issues relating to the obligations of all the parties to the Collective Bargaining Agreements.  Specifically, I would need to address whether Furr's would have attained the required earnings in 1991 and 1992 so as to entitle Union members to bonuses.  To the extent that the Union has a protectable interest, it may always assert that interest or claim against Furr's in a separate action.  Because the Union has not met the "interest" element and therefore cannot meet all of the requirements of intervention as a matter of right, I find that the Union's motion to intervene under Rule 24(a) must be denied.

Permissive Intervention–Fed. R. Civ. P. 24(b)

Permissive intervention is within the sound discretion of the trial court.  See Arney v. Finney, 967 F.2d 418, 421 (10th Cir. 1992) (citing Shump v. Balka, 574 F.2d 1341, 1345 (10th Cir. 1978)).

The intervention of the Union would only serve to complicate the litigation and unnecessarily expand the scope of this case. Pursuant to the Court's broad discretion to deny permissive intervention and in order to promote judicial economy, I will also deny the Union's motion to intervene under Rule 24(b).

Wherefore,

IT IS HEREBY ORDERED that the Union's motion to intervene pursuant to Rule 24(a) and Rule 24(b) is hereby **DENIED**.

DATED: October 20, 1997.

```
_____
CHIEF UNITED STATES DISTRICT JUDGE
```

| | |
|---|---|
| Counsel for Proposed Intervenor: | James M. Piotrowski<br>Youngdahl, Sadin & Morgan<br>Albuquerque, New Mexico |
| Counsel for Plaintiff: | Robert H. Jacobvitz and David Thuma<br>Jacobvitz, Thuma & Matthews<br>Albuquerque, New Mexico |
| | Christopher H. Meakin, John D. Taurman, and Bill Sims<br>Vinson & Elkins<br>Dallas, Texas |
| Counsel for Defendant Fleming: | Douglas A. Baker<br>Modrall, Sperling, Roehl, Harris & Sisk<br>Albuquerque, New Mexico |
| | Vince Hannigan, Jeff Joyce, and David Marcus<br>Winstead, Sechrest & Minick<br>Houston, Texas |
| Counsel for Defendant Stuard: | R. Gregory Brooks and Jay Madrid<br>Madrid & Brooks<br>Dallas, Texas |
| Counsel for Defendants Lawson and Zaricki: | Robert A. Johnson<br>Kemp, Smith, Duncan & Hammond<br>Albuquerque, New Mexico |
| | Ellen E. Bush, Will S. Montgomery, Rodney Acker, and John A. Gilliam<br>Jenkens & Gilchrist<br>Dallas, Texas |
| Counsel for Defendant Hahn: | Robert A. Johnson<br>Kemp, Smith, Duncan & Hammond<br>Albuquerque, New Mexico |